**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DYNCORP INTERNATIONAL LLC,**

    **Plaintiff,**

**v.**                                                          Case No: 6:15-cv-1454-Orl-31GJK

**AAR AIRLIFT GROUP, INC.,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Reopen (Doc. 160) filed by the Plaintiff, DynCorp International, LLC (henceforth, "DynCorp"), the response in opposition (Doc. 161) filed by the Defendant, AAR Airlift Group, Inc. ("AAR"), DynCorp's reply (Doc. 164), and AAR's sur-reply (Doc. 174).

On January 31, 2018, shortly before the deadline for AAR's reply in support of its motion for summary judgment (Doc. 137), the parties filed their Joint Notice of Settlement and Motion to Stay Deadlines (Doc. 158) (henceforth, the "Notice of Settlement"). The body of the Notice of Settlement read as follows:

> Pursuant to Local Rule 3.08(a) and the Court's Case Management Order (Doc. 98 at 12), Plaintiff DynCorp International LLC and Defendant AAR Airlift Group, Inc. hereby jointly notify the Court that they have reached an agreement in principle to resolve the claims and defenses in this case and expect to file a stipulation of dismissal with prejudice within the next fourteen days. Because the parties' agreement will preclude any need for the parties or the Court to invest additional time and resources on pending motions, the parties hereby respectfully request that the Court stay all pending deadlines for 30 days to allow the parties time to memorialize their agreement and prepare a stipulation.

(Doc. 158 at 1). In reliance on the Notice of Settlement, the Court entered an order (the "Dismissal Order") that provided, in pertinent part:

> Upon consideration of the Joint Notice of Settlement (Doc. 158), it is ordered that this case is dismissed without prejudice pursuant to Local Rule 3.08(b), subject to the right of any party to move the Court within sixty (60) days for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings.

(Doc. 159 at 1).

The parties were unable to memorialize their agreement, and on March 16, DynCorp filed a motion (Doc. 160) seeking to reopen the case for further proceedings. In that motion, DynCorp argued that, because the Court "did not retain jurisdiction over any settlement agreement, or incorporate any terms," it lacked jurisdiction to enforce the terms of any purported settlement agreement. (Doc. 160 at 2 n. 1). In doing so, DynCorp anticipated AAR's "Motion to Reopen Case to Enforce Agreement and to Dismiss Action With Prejudice" (Doc. 172), which was filed two weeks later.

DynCorp relies on *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), in which a unanimous Supreme Court reversed, on jurisdictional grounds, a district court's decision to reopen a case to enforce a settlement agreement. In that case, during trial, the parties reached an oral settlement, which they recited to the judge in chambers. *Id*. at 376, 114 S.Ct. at 1674-75. Pursuant to what is now Federal Rule of Civil Procedure 41(a)(1)(A)(ii),[1] the parties executed a "Stipulation and Order of Dismissal With Prejudice," dismissing the complaint and cross-complaint. *Id*. at 376-77, 114 S.Ct. at 1675. The

---

[1] Rule 41(a)(1)(A)(ii) permits a plaintiff to dismiss an action without a court order by filing a stipulation of dismissal signed by all the parties that have appeared in the case. At the time of the *Kokkonen* decision, this provision was designated as Rule 41(a)(1)(ii).

District Judge then signed the Stipulation and Order of Dismissal With Prejudice, which did not retain jurisdiction to enforce the settlement agreement, or even refer to it. *Id.* at 377, 114 S.Ct. at 1675. A month later, one party asserted that the other had failed to comply with one of the terms of the settlement agreement and moved to reopen the action to enforce it. *Id.* The non-moving party argued that the district court lacked subject matter jurisdiction to do so. *Id.* The district court determined – and the appellate court agreed – that it possessed "inherent power" to enter an enforcement order. *Id.*

The Supreme Court reversed, rejecting the argument that the doctrine of ancillary jurisdiction gave the district court the power to enforce the settlement agreement despite the action having been dismissed with prejudice. *Id.* at 378-81, 114 S.Ct. at 1676-1677. Instead, the Supreme Court characterized the enforcement effort as "a suit involv(ing) a claim for breach of contract, the consideration for which was dismissal of an earlier federal suit." *Id*. at 381, 114 S.Ct. at 1677. The connection to that earlier suit was insufficient, on its own, to provide a basis for federal-court jurisdiction over the contract suit. *Id.*

Despite DynCorp's efforts to equate the two, there is a significant distinction between the dismissal order in *Kokkonen* and the one in the instant case. In *Kokkonen*, the dismissal was pursuant to what is now Fed.R.Civ.P. 41 (a)(1(A)(ii). As noted in that opinion, that rule "does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal" (though the *Kokkonen* court suggested a district court could do so with the parties' consent.) *Id.* at 381, 114 S.Ct. at 1677. In any event, no such conditions were attached to the order of dismissal in *Kokkonen*. In this case, the Dismissal Order was based on the Court's inherent powers.[2] And the Court explicitly retained jurisdiction to reopen the case for "further

---

[2] As noted above, the parties had requested a 30-day stay, not a dismissal.

proceedings," without qualification as to the type of proceedings that might follow. In so doing, the Court retained the authority, should circumstances so warrant, to reopen the case to address the merits of DynCorp's claims or to enforce the purported settlement agreement, among many other possibilities.

In consideration of the foregoing, it is hereby

**ORDERED** that, to the extent that the Motion to Reopen (Doc. 160) filed by the Plaintiff, DynCorp International, LLC, seeks denial, due to a lack of subject matter jurisdiction, of AAR's "Motion to Reopen Case to Enforce Agreement and to Dismiss Action With Prejudice" (Doc. 172), DynCorp's request is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 9, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE